*The Chief Justice
delivered the opinion of the court.
On the trial of this cause at the Hunterdon Oct. circuit, 1830, the parties made a statement of facts, and agreed that if, in the opinion of this court, the plaintiff ought to recover, judgment should be entered as upon a verdict for him, otherwise for the defendant.
Both parties admit that from the 24th day of January, 1818, to the 18th day of December, 1819, Samuel Stout was the owner, in fee simple, of the premises in question. The defendant claims by virtue of a deed of bargain and sale from Samuel Stout to George Opdycke, and another from George Opdycke to him. The lessor of the plaintiff claims by virtue of a sale and conveyance made by the sheriff of the county of Hunterdon to him, under an execution against Samuel Stout. And as, if he recovers, it must be on the strength of his own title, that title becomes, in the first place, the proper subject of investigation.
The deed from the sheriff to the lessor of the plaintiff, bearing date on the first day of December, 1828, recites, that upon a judgment lately obtained, a writ of fieri facias had issued, returnable to the term of August, 1828, whereby the sheriff was commanded of. the goods and chattels in his county, of Samuel Stout, to cause to be made “the sum of $3,000, which John P. Stout, lately in the inferior Court of Common Pleas, held at Elemington, in *377 and for our county of Hunterdon, recovered against him, of debt, and also three dollars, which, in our said court, before our judges thereof, were adjudged to the said John P. Stout, for his damages which he had sustained as well by •occasion of the detention of that debt as for his costs and charges by him about his suit in that behalf expended, whereof there was a recovery, and also twenty-five dollars and eighty cents, which in our said court, before our said judges, were awarded to the said John P. Stout according to the form of the statute in such cases made and provided, for his damages, costs and charges, which he sustained by reason of the delay of execution of the judgment aforesaid, whereof the said Samuel Stout is convicted, as appears of record.” And further commanding the sheriff, for want of sufficient goods and chattels, that he should make the whole or the residue of the said debt and damages of the *iands, tenements, hereditaments and real estate, whereof the said Samuel Stout was seized on the 29th day of March, 1816, or at any time afterwards. The execution of fieri facias, given in evidence by the plaintiff, is conformable to this recital of the deed, and is in substance the execution used on a judgment for the plaintiff, after plea or «demurrer to a writ of scire facias post annum, et diem. Rev. Laws, 169, sec. 7; Tidd's Pract. Forms, 310.
In order to comply with the settled and repeatedly recognized and decided doctrine that in deducing title under a sheriff’s sale, the plaintiff must, produce proof not only of the deed and the execution, but of the judgment also on which the execution issued, the plaintiff gave in evidence the exemplifications of two judgments in favor of John P. Stout against Samuel Stout in the Inferior Court of Common Pleas of the county of Hunterdon; the one in a plea of debt, of the term of February, 1816, for $3,000 of debt and $3 of costs; and the other, of the term of February, 1828, upon a scire facias to revive the above mentioned judgment, wherein for want of appearance, plea or demurrer, it was *378 considered “ that the said John P. Stout have his execution against the said Samuel Stout of the debt and damages aforesaid [that is to say $3,000 of debt and $3 of damages] according to the form and effect of the said recovery, -by default of the said Samuel Stout.”
Now if neither of these judgments is that recited in the execution and the deed, the plaintiff has not produced the proof required of him; in other words, there is no judgment to support the execution and sale; and consequently, the plaintiff has failed to establish the validity of the sale and cannot recover.
The first of them, obviously, is not that recited, inasmuch as it is for $3,000 of debt and $3 of damages and costs only, whereas that recited is also for a farther sum of damages, costs and charges sustained by the delay of the execution of the former judgment. Nor is the second of them the judgment recited, for that is merely that the plaintiff have execution according to the form and effect of the recovery; whereby the plaintiff was entitled to an execution for the original debt and costs only, and not for any costs or damages on the writ of scire facias. The judgment recited is in, fact such a judgment as the plaintiff would *have -been entitled to, if the defendant had filed a plea or demurrer to a declaration on the writ of scire facias. Arch. Pract. Forms, 446. But there was, in the present case, no such judgment, nor coiüd there legally have been such, as the defendant entered no appearance to the writ of scire facias, and costs were therefore not recoverable against him. It follows there was'no judgment to warrant and sustain the execution which had been issued.
The plaintiff’s counsel insisted that the clause concerning the damages, costs and charges awarded for the delay of execution, was in truth no part of the judgment, and might be deemed a mere interpolation, made without authority, and'therefore be disregarded. The fact, however, is opposed to the argument. The clause is recited as part of the judg *379 meat; and we are not at liberty to reject it as surplusage; for the sheriff is commanded to make the money mentioned in it out of the property of the defendant, and has indeed sold the premises in question to raise this money as well as the original debt and costs, so far forth as the amount of sales may extend.
The plaintiff farther insists that he is protected in his purchase by the equity of, or an analogy to, the fourteenth section of the act making lands liable to be sold for the payment of debts, which provides that if the judgment is reversed for error, after a sale is effected, the title of the purchaser shall not thereby be defeated. It is enough, in answer to this argument, to say that the present case is not within the scope of the enactment, and that we ought not, by judicial legislation, founded on any supposed equity or analogy, to undertake to make a law for a case which the legislature have not thought fit, and we ought perhaps to say, advisedly, to make. Moreover, it may well be questioned whether the lessor of the plaintiff in this action, being the plaintiff in the execution and judgments, can be deemed a bona fide purchaser within the true intent of that section.
Upon the whole, I am of opinion the plaintiff has failed to establish a judgment competent to support the execution, sale and deed of the sheriff; and that consequently, according to the stipulation in the state of the case, judgment should be rendered for the defendant.
Judgment for the defendant.